IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATO INSTITUTE,**<br>1000 Massachusetts Ave. NW<br>Washington, DC 20001<br><br>**Plaintiff,**<br><br>v.<br><br>**U.S. DEPARTMENT OF DEFENSE,**<br>1155 Defense Pentagon<br>Washington, DC 20301<br><br>**OFFICE OF THE SECRETARY**<br>**OF DEFENSE,**<br>1155 Defense Pentagon<br>Washington, DC 20301-1155<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff CATO INSTITUTE brings this suit to force Defendants U.S. DEPARTMENT OF DEFENSE AND THE OFFICE OF THE SECRETARY OF DEFENSE to produce records regarding defense support for civil authorities ("DSCA"), as outlined in Joint Publication 3-28, Defense Support of Civil authorities, October 29, 2018.

## PARTIES

2. Plaintiff CATO INSTITUTE ("CATO") is a public policy research organization—a think tank—dedicated to the principles of individual liberty, limited government, free markets, and peace. Its scholars and analysts conduct independent, nonpartisan research on a wide range of policy issues. CATO is the FOIA requester in this case.

3. Defendant DEPARTMENT OF DEFENSE ("DOD") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant OFFICE OF THE SECRETARY OF DEFENSE ("OSD") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. DOD is the parent agency to OSD.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MAY 27, 2021 FOIA REQUEST TO OSD

7. On May 27, 2021, Plaintiff submitted the following FOIA request to OSD for various records "to or from the Office of the Secretary of Defense (OSD) (including the Undersecretary of Defense for Intelligence—USD(I)—or the Joint Chiefs of Staff (JCS) concerning defense support for civil authorities (DSCA), as outlined in Joint Publication 3-28, Defense Support of Civil Authorities, October 29, 2018" with a date range of July 1, 2020 to the present:

   1. Correspondence between OSD or JCS and NORTHCOM, including any execute orders (EXORDS), concept of operations (CONOPS) documents, or operational plans (OPLAN) that mention DSCA requests from any other federal agency or department that made a DSCA request, and any state Governor or designee that made a DSCA request.

   2. Correspondence between OSD and the Office of General Counsel involving DSCA requests from any other federal agency or department that made a DSCA request, and any state Governor or designee that made a DSCA request.

   3. Copies of any Secretary of Defense (SECDEF) approvals for the use of traditional intelligence capabilities to conduct DSCA missions for non-intelligence purposes, whether under Title 10, United States Code, or any other authority, per the language on p IV-3 of Joint Publication 3-28, Defense Support of Civil Authorities, October 29, 2018.

       4.       Correspondence to or from OSD, JCS, USD(I), or the DoD Office of General Counsel and NORTHCOM regarding "lessons learned" from DSCA operations during the period in question.

       5.       Copies of any updated JCS CONOPS or OPLANs based on "lessons learned" from DSCA operations during the period in question.

8.       A true and correct copy of the original FOIA request is attached as Exhibit 1.

9.       On June 2, 2021, OSD acknowledged receipt of the FOIA request and assigned reference number 21-F-1087 to the matter.

10.       A true and correct copy of OSD's acknowledgement letter is attached as Exhibit 2.

11.       On April 11, 2022, OSD asked Plaintiff to narrow its requests for correspondence to formal DSCA requests.

12.       On April 11, 2022, Plaintiff stated that it was keeping its request as written, and Plaintiff requested an estimated completion date.

13.       True and correct copies of OSD and Plaintiff's April 11, 2022 email exchange is attached as Exhibit 3.

14.       On August 17, 2023, OSD sent a letter to Plaintiff asking if Plaintiff is "still interested" in its FOIA request.

15.       A true and correct copy of the August 17, 2023 letter is attached as Exhibit 4.

16.       Upon information and belief, OSD is aware that there is no provision in FOIA that allows an agency to close a request if a requester does not confirm interest in a pending request that the agency has not yet answered.

17.       On September 18, 2023, Plaintiff confirmed he remained interested in the request, and Plaintiff requested an estimated completion date.

18.       A true and correct copy of the September 18, 2023 email is attached as Exhibit 5.

19.       On September 22, 2023, OSD stated that it is continuing to process the request.

20. A true and correct copy of the September 22, 2023 email is attached as Exhibit 6.

21. On November 16, 2023, Plaintiff asked OSD to provide an estimated completion date.

22. A true and correct copy of the November 16, 2023 email is attached as Exhibit 7.

23. On November 28, 2023, OSD stated that it would provide "an estimated completion date by the end of this week."

24. A true and correct copy of the November 28, 2023 email is attached as Exhibit 7.

25. On December 1, 2023, OSD provided an estimated completion date of November 29, 2024.

26. A true and correct copy of the December 1, 2023 email is attached as Exhibit 8.

27. As of the date of this filing, OSD has not issued a determination and has not produced any records.

## COUNT I – OSD'S FOIA VIOLATION

1. The above paragraphs are incorporated by reference.

2. Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

3. Defendant OSD is a component of DOD is a federal agency subject to FOIA.

4. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

5. Defendant OSD has failed to conduct a reasonable search for records responsive to the request.

6. Defendant OSD has failed to issue a complete determination within the statutory deadline.

7. Defendant OSD has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that Defendant has violated FOIA;

ii. order Defendant to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendant from withholding non-exempt public records under FOIA;

iv. award Plaintiffs attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: January 25, 2024

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
CATO INSTITUTE,

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com